The complaint herein was filed to obtain a declaratory judgment that plaintiff had effected the termination of a trust provided in the last will and testament of *Page 265 
the late Reuben H. Lindley. An order to show cause, issued upon the filing of the complaint, directed service of the order and of the complaint and affidavits upon all of the defendants (some of whom are infants) by mail.
At the return of the order to show cause, decedent's widow (defendant Vivian Lindley Van Bree) moved for a dismissal of the complaint and discharge of the order to show cause, on the ground (among others) that the relief sought by the plaintiff could not be invoked in a summary proceeding.
The complaint was not dismissed; but, by order dated December 2, 1948, the court directed that "the action shall proceed as in a plenary action wherein a summons has issued. In the same order, leave was given to defendant National State Bank of Newark, trustee under the will of decedent, to file a counterclaim for a construction of the will, with the further direction that "the proceeding on such counterclaim shall be as in a plenary action and a summons shall issue," etc. Pursuant to additional provisions of the order referred to, the trustee filed its counterclaim, answers to the complaint were filed, answers to the trustee's counterclaim were filed, and guardians ad litem were appointed for the infants.
Plaintiff now moves for "summary judgment in favor of the plaintiff upon her demand set forth in the complaint in this action and for a summary judgment in favor of Grace M. Ruddell on the counterclaim of National State Bank of Newark filed herein." This motion is resisted by all of the defendants, and I am convinced that it should be denied. Rule 3:56 should not be construed as applicable to cases for construction of wills and instructions where rights of infant defendants are involved. Due process in such actions under our established law requires that the judgment be based upon a plenary oral hearing with full opportunity for cross-examination.
The view above expressed renders it unnecessary to discuss the other matters raised at the argument.
Counsel may present an order denying the motion. The cause will be noticed for pretrial conference at an early date. *Page 266